FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

2010 NOV -8  P 1: 53

Jacksonville Division

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

### CIVIL RIGHTS COMPLAINT FORM

TYSON N. WATSON

CASE NUMBER: 3: 10-cv-1024-4-99Tfc-ABT
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

MARK T. CURTIS

JOHN B. KENT

CLINTON K. HODGES

(In Each of Their Individual Capacities)
(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.   PLACE OF PRESENT CONFINEMENT: Union Correctional Institution;
     (Indicate the name and location)

     7819 N.W. 228th. Street; Raiford, Florida 32026-4000

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
     THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

     [If your answer is YES, after reviewing the exhaustion requirements, answer the following
     questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

>    1.   Informal Grievance (Form DC3-005)
>    2.   Formal Grievance (Form DC1-303)
>    3.   Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

>    1.   Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)?  Yes (✓) No ( )
>
>    2.   If so, you must attach a copy of the grievance and response to this Complaint form.
>
>    3.   Were you denied emergency status?  Yes ( ) No (✓)
>
>>         a.   If so, did you go through the informal grievance, formal grievance and appeal process?  Yes ( ) No ( )
>>
>>         b.   If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    <u>Informal Grievance</u> (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C.  Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✓)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D.  Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
   Yes ( ) No (✓)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____3_____ day of __November_____, 2 _010____ .

_Tyson N. Watson_ ✗
Signature of Plaintiff

III.   DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes (  ) No ( ✓)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail? Yes (  ) No (  )

B.   Did you present the facts relating to your Complaint in the grievance procedure? Yes (  ) No (  )

C.   If your answer is YES:

1.   What steps did you take? _____

_____

2.   What were the results? _____

_____

3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: _____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _November_____, 2 _010____.

_Tyson A. Watson_ ☓
Signature of Plaintiff

DC 225 (Rev 9/03)

IV.     PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts
     involved in this action or otherwise relating to your imprisonment or conditions thereof?
     Yes (✓) No ( )

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts
     involved in this action or otherwise relating to your imprisonment or conditions thereof?
     Yes (✓) No ( )

C.   If your answer to either "A" or "B" is YES, describe each lawsuit in the space provided
     below. If there is more than one lawsuit, describe all additional lawsuits on a separate
     piece of paper, using the same format as below.

     1.   Parties to previous lawsuit:

          Plaintiff(s): _Tyson N. Watson_____

          _____

          Defendant(s): _Sergeant Nightingale and Officers Spencer, Adams and_
          _one other whose name the Plaintiff cannot recall._____

     2.   Court (if federal court, name the district; if state court, name the county):
          _United States District Court, Southern District of Florida_

     3.   Docket Number: _03-61844_____

     4.   Name of judge: _Magistrate Judge Patrick A. White_____

     5.   Briefly describe the facts and basis of the lawsuit: _The Defendants were in-_
          _volved in the physical assault and injury to the Plaintiff._____

          _____

     6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
          _Magistrate Judge White dismissed the case for failure to pro-_
          _secute. (Without Prejudice)_____

     7.   Approximate filing date: _October, 2003_____

     8.   Approximate disposition date: _February, 2005_____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been
     dismissed as frivolous, malicious or for failure to state a claim upon which relief may be
     granted? If so, identify theses suits below by providing the case number, the style, and
     the disposition of each case:

## IV. PREVIOUS LAWSUITS, continued:

C.1.   Plaintiff: Tyson N. Watson
       Defendants: Sergeant Nightingale and Officers Nelson, Agosto,
       Gil Williams, and two others whose names the Plaintiff cannot recall.

C.2.   Court: United States District Court, Southern District of Florida

C.3.   Docket Number:  03-61845

C.4.   Name of judge:  Magistrate Judge Patrick A. White

C.5.   Briefly describe the facts and basis of the lawsuit: The Defendants
       failed to protect the Plaintiff from forseeable inmate assault.

C.6.   Disposition:  Magistrate Judge White dismissed the case for fail-
       ure to prosecute. (Without Prejudice)

C.7.   Approximate filing date:  October, 2003

C.8.   Approximate disposition date: February, 2005

- - - - - - - - - - - - - - - - - - - - - -

C.1.   Plaintiff: Tyson N. Watson
       Defendants: Shawn E. Swain and Timothy F. Slone

C.2.   Court:  United States District Court, Middle District of Florida

C.3.   Docket Number:  3:08-cv-898-TJC-MCR

**5(a)**

IV.  PREVIOUS LAWSUITS, continued:

C.4.  Name of judge :  District Judge Timothy J. Corrigan

C.5.  Briefly describe the Facts and basis of the lawsuit:  The Defend-
ants were involved in the physical assault and injury to the Plaintiff.

C.6.  Disposition:  The case is still pending.

C.7.  Approximate Filing date: September 19, 2008

C.8.  Approximate disposition date: The case is still pending.

- - - - - - - - - - - - - - - - - - - - - - - - - -

C.1.  Plaintiff: Tyson N. Watson
Defendants:  S. Swain, J. Allen, M. Curtis, M. Strong, J. Kent, T.
Slone, J. Lynch, and J. Crowe.

C.2.  Court:  Eighth Judicial Circuit Court, in and for Union County, Florida

C.3.  Docket Number:  63-2009-DR-315

C.4.  Name of judge:  Chief Circuit Judge Martha Ann Lott

C.5.  Briefly describe the Facts and basis of the lawsuit: Petition for In-
junction For Protection Against Repeat Violence.

C.6.  Disposition:  The case is still pending.

5(b)

IV. __PREVIOUS LAWSUITS__, continued:

C.7. Approximate Filing date: December, 2009

C.8. Approximate disposition date: The case is still pending.

- - - - - - - - - - - - - - - - - - - -

C.1. Plaintiff: Tyson N. Watson
Defendant: S. K. Watts

C.2. Court: Eighth Judicial Circuit Court, in and for Union County, Florida

C.3. Docket Number: None assigned yet.

C.4. Name of judge: None assigned yet.

C.5. Briefly describe the facts and basis of the lawsuit: Writ of Replevin

C.6. Disposition: The case is still pending.

C.7. Approximate filing date: October 21, 2010

C.8. Approximate disposition date: The case is still pending.

- - - - - - - - - - - - - - - - - - -

C.1. Plaintiff: Tyson N. Watson
Defendants: R. W. Wheeler, R. W. Newell, and S. J. Johnson

C.2. Court: United States District Court, Middle District of Florida

5(c)

IV.  PREVIOUS LAWSUITS, continued:

C.3.  Docket Number:  None assigned yet.

C.4.  Name of judge:  None assigned yet.

C.5.  Briefly describe the facts and basis of the lawsuit:  The Defendants
      were involved in the physical assault, injury, and denial of necessary
      medical treatment to the Plaintiff.

C.6.  Disposition:  The case is still pending.

C.7.  Approximate filing date:  October 21, 2010

C.8.  Approximate disposition date:  The case is still pending.

5(d)

To my Knowledge I have not initiated any lawsuits or appeals from lawsuits in Federal court of these natures.

V.   PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: Tyson N. Watson, D.C. # C-195947

     Mailing address: Union Correctional Institution; 7819 N.W. 228th. Street; Raiford, Florida 32026-4000

B.   Additional Plaintiffs: None

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: Mark T. Curtis

     Mailing Address: 7819 N.W. 228th. Street
     Raiford, Florida 32026-4000

     Position: Correctional Officer Lieutenant

     Employed at: Union Correctional Institution

D.   Defendant: John B. Kent

     Mailing Address: 7819 N.W. 228th. Street
     Raiford, Florida 32026-4000

     Position: Correctional Officer Sergeant

     Employed at: Union Correctional Institution

DC 225 (Rev. 9/03)

E.  Defendant: _Clinton K. Hodges_____

Mailing Address: _7819 N.W. 228th. Street_____

_Raiford, Florida 32026-4000_____

Position: _Correctional Officer_____

Employed at: _Union Correctional Institution_____

F.  Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

G.  Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

DC 225 (Rev. 9/03)

VI.   STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Each of the Defendants: Mr. Mark T. Curtis, Mr. John B. Kent, and Mr. Clinton B. Hodges are being sued in each of their individual capacities for acting under the color of state law while violating the United States constitutional rights of the Plaintiff: Mr. Tyson N. Watson, as follows:

Count # 1: On August 16, 2010 the ... (continued on page 8(a))

VII.  STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.  Name and position of person(s) involved.
2.  Date(s).
3.  Place(s).
4.  Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.  Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

## I. THE PLAINTIFF

1. Mr. Tyson N. Watson: is the sole Plaintiff in this case. During the events described herein, Mr. Watson has held the position of an incarcerated state prisoner of the Florida Department of Corrections, confined at Union Correctional Institution. Heretofore, Mr. Watson will identify himself as "the Plaintiff" in this case.

## II. THE DEFENDANTS

2. Mr. Mark T. Curtis: is a Defendant in this case. During the events described herein, Mr. Curtis has held the position of Correctional Officer

Statement of Claim, continued:

Defendants maliciously and sadistically subjected the Plaintiff to cruel and unusual punishment, in violation of the Plaintiff's right to be free from _cruel and unusual punishment under the Eighth Amendment of the United States_ Constitution.

Count #2:   On August 16, 2010 the Defendants were _deliberately indifferent_ to the Plaintiff's reasonably apparent serious medical needs, in violation of the Plaintiff's right to reasonable medical care under the Eighth Amendment of the United States Constitution.

## SUPPLEMENTAL STATE CLAIMS

Count #3:   On August 16, 2010 the Defendants subjected the Plaintiff to _verbal assaults of bodily harm_, in violation of the Plaintiff's right to be free from assaults upon prisoners under Sections 784.082 and 951.19 of the Florida Statutes Annotated.

Count #4:   On August 16, 2010 the Defendants subjected the Plaintiff to _physical batteries with bodily harm_, in violation of the Plaintiff's right to be free from batteries upon prisoners under Sections 784.082 and 944.35 of the Florida Statutes Annotated.

Count #5:   On August 16, 2010 the Defendants were _culpably negligent_ to the Plaintiff's medical needs, in violation of the Plaintiff's right to be free from culpable negligence under Sections 782.07 ; 784.05 ; 825.102 and 827.03 of the Florida Statutes Annotated.

8(a)

Statement of Facts, continued:

Lieutenant of the Florida Department of Corrections, employed at Union Cor-
rectional Institution. Here, the Plaintiff will identify Mr. Curtis as "Defendant
Curtis" in this case.

3.   Mr. John B. Kent: is a Defendant in this case. During the events de-
scribed herein, Mr. Kent has held the position of Correctional Officer Sergeant
of the Florida Department of Corrections, employed at Union Correctional In-
stitution. Here, the Plaintiff will identify Mr. Kent as "Defendant Kent" in this
case,

4.   Mr. Clinton K. Hodges: is a Defendant in this case. During the events de-
scribed herein, Mr. Hodges has held the position of Correctional Officer of the
Florida Department of Corrections, employed at Union Correctional Institution.
Here, the Plaintiff will identify Mr. Hodges as "Defendant Hodges" in this case,

5.   Each of the aforementioned Defendants acted under the color of state
law and in their individual capacities during the events described herein,

## III.   THE DEFENDANTS' CRUEL AND UNUSUAL
## PUNISHMENT ON THE PLAINTIFF

6.   On August 16, 2010 at approximately between 2:00 PM and 3:00 PM
the Defendants entered into the Plaintiff's cell # T1-110 L, on wing # 1 in T-
dormitory with the Plaintiff who was...      (continued on page 9 (a) )

Statement of Facts, continued:

handcuffed behind his back, shackled on his feet and his handcuffed hands se-
cured to a chain locked around his waist.

_____

**7.** Once inside, the Defendants viciously and brutally attacked the Plaintiff
for approximately 10 minutes. During this attack the Defendants repeatedly choked,
punched, kicked and stomped the Plaintiff on his face, head, neck, chest, back, shoul-
ders and arms, and inserted an unknown object into the Plaintiff's rectum, while
the Plaintiff was noncombative, defenseless, and in full restraints.

_____

**8.** During this attack Defendant Kent also punched the Plaintiff very hard re-
peatedly on the back of his head behind his ear while he faced the wall. Defendant
Curtis also repeatedly punched the Plaintiff in the area of his kidney until the Plaintiff
involuntarily urinated and defecated on himself.

_____

**9.** Defendant Hodges punched and kicked the Plaintiff in his eyes and nose
during this attack. At several points when the Plaintiff strained with all his
strength to get up off the floor, Defendant Curtis forced the Plaintiff to stay
down by heavily stepping on the Plaintiff's neck, choking him until, at least once,
the Plaintiff lost consciousness.

_____

**10.** During this attack the Defendants threatened to murder the Plaintiff if
he continued in his prison grievances and court litigation. The Defendants also
threatened to torture the Plaintiff if he ...     ( continued on page 9(b) )

Statement of Facts, continued:

reported the incident. During this entire attack the Plaintiff remained in restraints

11.   The Defendants intended to, and succeeded in, inflicting wanton, serious, debilitating physical pain, and injury to the Plaintiff during their deliberate use of outright cruel and unusual punishment, which served absolutely no justifiable penological interest whatsoever.

## IV.   THE DEFENDANTS' DELIBERATE IN-DIFFERENCE TO PLAINTIFF'S MED-ICAL NEEDS

12.   During this attack the Defendants tore off the blue shirt, tee shirt, pants, socks and shoes from the Plaintiff's body, leaving his body uncovered, to wear only a pair of boxer undershorts.

13.   After this attack the Plaintiff advised the Defendants that he was in severe pain, was nauseated, had lost consciousness, and was bleeding from the physical injuries he sustained during the Defendants' attack. The Plaintiff then declared a medical emergency and asked the Defendants to permit the Plaintiff access to medical treatment. The Defendants replied, "No."

14.   At the time of this attack the Plaintiff was admitted to the Crisis Stabilization Unit in T-dormitory. Once discharged from the Crisis Stabilization Unit the Plaintiff would be relocated to ...   (continued on page 9(c))

Statement of Facts, continued:

one of the dormitories designated for the Transitional Care Unit, in U, V, and S-dormitories.

**15.**   The Defendants threatened to arrange for the Plaintiff to be relocated to S-dormitory where they worked, upon the Plaintiff's discharge from the Crisis Stabilization Unit, and would torture the Plaintiff in S-dormitory if the Plaintiff sought medical treatment for his physical injuries, or otherwise reported the incident.

**16.**   The Defendants also threatened the Plaintiff that should he insist on seeking medical treatment for his physical injuries the Defendants would attempt to persuade T-dormitory medical Nurse V.C. Royan, on duty at the time, to falsify her medical reports to reflect that no physical injuries were noticed on the Plaintiff's body.

**17.**   The Plaintiff felt blood coming out of his nose and realized the Defendants intended to conceal their attack by denying the Plaintiff access to medical treatment; not once offering him such access for the visibly serious physical injuries.

**18.**   It was reasonably apparent to the Defendants that the Plaintiff was in need of medical treatment for his serious physical injuries. Yet the Defendants were deliberately indifferent to the Plaintiff's declared medical emergency and need for medical treatment, refusing the Plaintiff access out of concern that should medical personnel become involved, the extent of...   (continued on page 9(d))

Statement of Facts, continued:

their attack and force used would be exposed, documented and investigated. The Defendants concealed their cruel and unusual punishment on the Plaintiff at the expense of the Plaintiff's visibly, obvious, and verbally declared emergent need for exigent medical treatment for his physical injuries.

**19.** Before the Defendants locked the Plaintiff back inside his cell, they first removed all state-issued and personal property from his cell including Plaintiff's clothes, shoes, hygiene and cosmetic items, mattress, bed linen and blanket, and all of his personal and legal property. The Defendants left nothing in the Plaintiff's cell with which he could have used to cause his physical injuries to himself.

**20.** As required by prison policy, the prison guards in T-dormitory conducted routine visual security checks on every prisoner, including the Plaintiff, in T-dormitory, by physically walking to each cell and checking the status of each prisoner at least once during every thirty minute period. At no time during any of these security checks did the Defendants offer the Plaintiff medical treatment, or was any report made during the time after the Defendants exited his cell, that the Plaintiff injured himself. The design of the cell and both large celldoor windows precluded any avoidance by the Plaintiff from the clear, unobstructed observations of the guards.

( continued on page 9(e) )

DC 225 (Rev 9/03)                    9 (d)

Statement of Facts, continued:

## V. THE PLAINTIFF'S PHYSICAL AND EMOTIONAL INJURIES WERE MORE THAN DE MINIMIS

**21.** As a direct consequence of the Defendants attack upon the Plaintiff he suffered the following physical injuries, including but not necessarily limited to: anal hemorrage/ruptured rectum, bloody nose, abrasions and swelling bruises under both eyes, swelling behind both ears, abrasions on upper and middle back, and shoulders, temporary loss of bladder and bowel control, loss of consciousness, and instant, terribly severe physical pain in the aforementioned body regions, as documented by Nurse V.C. Roynn, Nurse M.T. Griffis, R.N.S., Nurse B. Harris, R.N.S., and Doctor J. Aviles, M.D. and Chief Health Officer.

**22.** As medical treatment for his physical injuries Doctor Aviles prescribed the Plaintiff Ibuprofin and an injection for the pain, and Colace and Dibucine for the anal hemorrage/ruptured rectum, on August 17, 2010.

**23.** As a direct consequence of the Defendants attack upon the Plaintiff the physical pain in the regions of his butt, lower and upper back, shoulder area, and neck have continued to persist and to afflict the Plaintiff on a daily basis, adversely affecting his normal, everyday physical activities. On several occasions the Plaintiff was evaluated by medical nurses and one doctor, after submitting several Inmate Sick-Call Request Forms, DC4-698A. (Please see Exhibit A) ...

( continued on page 9(F) )

Statement of Facts, continued:

**24.** As medical treatment for his continued physical pain in these body re-
gions the medical doctor A. Nazareno, M.D. prescribed the Plaintiff Naprosyn,
on October 21, 2010. The Plaintiff also still receives the medications Colace and
Dibucine, mentioned in Paragraph #22 above.

**25.** As a direct consequence of the Defendants attack upon the Plaintiff, he
suffered the following emotional injuries: overwhelming sense of shock, dread, ter-
ror, humiliation, nightmares, and fear that the Defendants were going to kill him.

## VI.   EXHAUSTION OF ADMINISTRATIVE REMEDIES
## AND INVESTIGATION

**26.** On August 23, 2010 the Plaintiff filed an Emergency Grievance, Log #
1008-213-286, on a Request for Administrative Remedy or Appeal, Form DC1-
303, to Warden Barry V. Reddish concerning the Defendants August 16, 2010
attack upon him. On September 7, 2010 Warden Reddish approved the Plaintiff's
Emergency Grievance from the standpoint that the issue of the complaint was
referred to the Office of the Inspector General. ( Please see Exhibit B)

**27.** On October 19, 2010 at approximately 10:55 AM Inspector Kevin
Snow and Defendant Kent approached the Plaintiff's cell #S1-111L where
Inspector Snow informed the Plaintiff that he would interview him about his al-
legations that on August 16, 2010 the Defendants assaulted him. After being
handcuffed behind his back, Defendant Kent...   (continued on page 9(g))

Statement of Facts, continued:

entered the cell and while placing shackles on his feet, Defendant Kent threatened the Plaintiff, stating in a low voice, "Tell him anything and we will kill you."

28.     Afterwards, the Plaintiff was seated at the dayroom table with Inspector Snow while Defendant Kent stood nearby, watching him. In fear for his safety the Plaintiff advised Inspector Snow, on tape, that he did not feel safe giving a verbal statement at that time, and to refer to his Emergency Grievance, Log # 1008-213-286. On October 20, 2010 the Plaintiff filed to Warden Reddish a Grievance of a Sensitive Nature on Form DC1-303; and on October 21, 2010 he filed an Informal Grievance on Form DC6-236 to Inspector Snow; and on October 21, 2010 he filed a complaint to Mr. E.G. Rawls Jr., Inspector Supervisor of Region #2, each concerning this incident, none of which have been responded to yet.

29.     The Plaintiff hereby certifies that true and correct copies of Inmate Sick-Call Request Forms, DC4-698A, dated September 12, 2010; September 23, 2010; September 23, 2010; September 30, 2010 and October 14, 2010, which he hand-delivered to S-dormitory nurses, and of Emergency Grievance, Log # 1008-213-286 on Request for Administrative Remedy or Appeal, Form DC1-303, dated August 23, 2010 which he filed to Warden Reddish are attached hereto as Exhibits A and B, respectively.

( continued on page 9(h) )

**Statement of Facts, continued:**

<u>30.</u>   I, the Plaintiff, Tyson N. Watson, pro se, have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to any matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Raiford, Florida this 3 day of November    2010.

Tyson N. Watson ✠

Tyson N. Watson
PLAINTIFF, PRO SE

VIII.   RELIEF REQUESTED:   State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to grant him: 1) Leave to proceed in Forma pauperis; 2) Nominal damages in the amount of $1.00 against each Defendant individually; 3) Compensatory damages in the amount of $200,000.00 against each Defendant individually; 4) Punitive damages in the amount of $200,000.00 against each Defendant individually; 5) All costs in this case; 6) Demand for jury trial on all issues triable by a jury; and 7) Any and all other relief this Honorable Court deems proper, just, and equitable, including Supplemental Jurisdiction.


**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___3___ day of __November_____, 2 _010_____.

Tyson R. Watson ☆☆

_____

_____

_____

(Signatures of all Plaintiffs)

# EXHIBIT
# A

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: _Sep 8, 2010_                    Time: _____

Inmate Name: _Tyson N. Watson_  DC#: _C-175797_

Housing assignment: _S1-111_

Job assignment: _Trill_                                   all 2

Problem:

☐   Pass/pass renewal

☐   Medication renewal

☐   Need information (explain): _____

☐   Mental Health

☐   Dental

☑   Medical (explain): _1. Since 5/16/10 I've begun to_
_experience disturbing discharge and _____

_2) The pain in my face, left neck and shoulder since_
_the I got no minimum pain I I feel to or too_
_bad too _____

_Please appoint me to see mental + medical staff._

When did problem/symptoms start? _____

_Since 8/16/10 on both accounts._

Inmate Name _Watson Tyson N._

DC# _C-175797_          Race/Sex _B / M_

Date of Birth _____

Institution _____

Distribution:  Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise
destroy copy)
This form is not to be amended, revised, or altered
without approval by the Office Health Services-
Administration

**DEPARTMENT OF CORRECTIONS**
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date:_____     Time:_____

Inmate Name:_____     DC#:_____

Housing assignment:_____

Job assignment:_____

## Problem:

| | | SICK CALL TRIAGE |
|---|---|---|
| ☐ | Pass/pass renewal | _____ EMERGENT |
| | | _____ URGENT/MD REFERRAL |
| ☐ | Medication renewal | _____ ROUTINE |
| | | DATE:_____ |
| | | STAFF: SIGNATURE/STAMP _____ |
| ☐ | Need information (explain):_____ |
| ☐ | Mental Health | |
| ☐ | Dental | |
| ☑ | Medical (explain):_____ |

_____

_____

_____

_____

_____

When did problem/symptoms start?_____

_____8/16/2010_____

_____

_____

Inmate Name_____

DC#_____Race/Sex_____

Date of Birth_____

Institution_____

Distribution:  Original   Nursing Supervisor

Pink--Inmate (special housing only-otherwise destroy copy)

This form is not to be amended, revised, or altered without approval by the Office Health Services-Administration

**DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
# INMATE SICK-CALL REQUEST

Date:_____ Time:_____

Inmate Name:_____ DC#:_____

Housing assignment:_____

Job assignment:_____

Problem:_____

|  | | SICK CALL TRIAGE |
|---|---|---|
| ☐ | Pass/pass renewal | EMERGENT |
| | | ___ URGENT/MD REFERRAL |
| | | ___ ROUTINE |
| ☐ | Medication renewal | DATE:_____ |
| | | STAFF: SIGNATURE/STAMP_____ |

☐ Need information (explain):_____

☐ Mental Health

☐ Dental

☑ Medical (explain):_____
_____
_____
_____
_____
_____

When did problem/symptoms start?_____
_____
_____
_____
_____

Inmate Name_____

DC#_____Race/Sex_____

Date of Birth_____

Institution_____

Distribution:  Original—Nursing Supervisor
Pink—Inmate (special housing only—otherwise destroy copy)
This form is not to be amended, revised, or altered without approval by the Office Health Services Administration

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: _____   Time: _____

Inmate Name: _____   DC#: _____

Housing assignment: _____

Job assignment: _____

## Problem:

☐ Pass/pass renewal

☐ Medication renewal

☐ Need information (explain): _____

☐ Mental Health

☐ Dental

☑ Medical (explain): _____ FOR THE THIRD TIME,

_____ I continue to suffer from alot of physical pain

_____ from my both back shoulders and neck which caused

_____ both treatment that are advised. I want treat-

_____ ment w/ a physician school following

When did problem/symptoms start? _____

_____ Since 8/18/2010 incident where I

_____ was injured during incident in the cell with prison guards.

SICK CALL TRIAGE:
_____ EMERGENT
_____ URGENT/MD REFERRAL
_____ ROUTINE
DATE: _____
STAFF: SIGNATURE/STAMP _____

Inmate Name _____
DC# _____   Race/Sex _____
Date of Birth _____
Institution _____

Distribution:  Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise
destroy copy)
This form is not to be amended, revised, or altered
without approval by the Office Health Services-
Administration

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: _14 October 2010_     Time: _____

Inmate Name: _Tyson N. Watson_    DC#: _C-195947_

Housing assignment: _S1-111_

Job assignment: _T.C.U._

**Problem:**

☐   Pass/pass renewal

☐   Medication renewal

☐   Need information (explain): _____

☐   Mental Health

☐   Dental

☒   Medical (explain): _I'm still experiencing severe pain in my butt, back, shoulder areas, and my neck_

_I've been complaining for a while now, been to sick call several times and yet, have not been seen by a doctor though I've requested to be seen by one in order to receive any medical treatment for my pain_

_When I'm handcuffed in back, bend over, strain, or lift certain things it hurts worse._

When did problem/symptoms start? _Since three guards assaulted me in my previous cell # T1-110 on 16 August 2010 at approximately 1400 - 1500 hours._

Inmate Name _Watson, Tyson N._
DC# _C-195947_     Race/Sex _B M_
Date of Birth _20 October 1977_
Institution _R.M.C. E.T._

Distribution: Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise destroy copy)
This form is not to be amended, revised, or altered without approval by the Office Health Services- Administration

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Team Number: _12_
Institution: _Union C.I._

TO: (Check One)
- [ ] Warden
- [ ] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [ ] Mental Health
- [ ] Dental
- [x] Other _MEDICAL RECORDS_

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Tyson N. Watson | C-195947 | S1-111 | TCU | 9/27/2010 |

**REQUEST**     Check here if this is an informal grievance [ ]

On 16, August 2010 I was subjected to physical force by staff resulting in several injuries which on 8/16/10 Nurse V.C. Royan documented on Diagram of Injury / Emergency Room Record. This was then repeated, thoroughly, by Nurse Griffis and Dr. Aviles, on 17, August 2010.

Please be so kind to list the specific enumerated injuries documented on 8/16/10 by Nurse Royan, on 8/17/10 by Nurse Griffis, and the injuries AND treatment documented by Dr. Julian Aviles on 8/17/10.

Thanks so much for your help & time.

God bless you.!!!

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**     DATE RECEIVED:

RECEIVED SEP 27 2010 HEALTH SERVICES ADMINISTRATOR

8/16/10: Nurse Royan documented you had abrasions, superficial noted on upper + mid back, upper straps behind both ears + below both eyes. No swelling or bruising at this time.
8/17/10: Nurse Griffis did not document injuries — only wrote what you stated to her.
8/17/10: Co-signed someones note saying minor abrasions noted.

J. HEWETT
SR. HSA
UNION CI

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _J Hewett, SHSA, UC_ / Date: _10/11/10_

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)

Incorporated by Reference in Rule 33-103.019, F.A.C.

EXHIBIT

B

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

P 1029-788

Mail Number: _1031-1_
Team Number: _12_
Institution: _Union CI_

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☑ Other | C. BROWN,<br>LAW LIBRARY SUPERVISOR |

| FROM: | Inmate Name<br>Tyson N. Watson | DC Number<br>C-195947 | Quarters<br>S1-111 | Job Assignment<br>TCU | Date<br>10/28/10 |

**REQUEST**     Check here if this is an informal grievance ☐

On October 27, 2010 the Law Clerk returned copies for (2) seperate DC5-154 requests I hand-delivered to him on Oct. 25, 2010. When I gave the Law Clerk these DC5-154's my ORIGINALS were attached to them with tape.

One of the DC5-154's was to receive (6) copies of my Original 50+ page Amended Civil Rights Complaint (42 USC 1983).

When he (law clerk) returned on 10/27/10, he gave me (6) copies of the 50+ page 1983 Complaint. But he did not return my ORIGINAL to me or the completed DC5-154 Form.

I need my original 1983 back. PLEASE

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

——————— DO NOT WRITE BELOW THIS LINE ———————

**RESPONSE**     DATE RECEIVED: _10/28/10_

Library records indicate that the original as well as the copies were delivered to you.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): _C. Ann Brown_ | Date: _10/30/10_ |

Original: Inmate (plus one copy)
CC: Retained by official responding, if the response is an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103 of Florida's administrative code.
Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by the appropriate person.

DC6-236 (Effective 10-19-98) (Technical Change 1-5-99)

Incorporated by Reference in Rule 33-103.019, F.A.C.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ (Warden)   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: Watson, Tyson    N.    C-195947    Union Corr. Inst.
      Last    First    Middle Initial        Number        Institution

---

EMERGENCY GRIEVANCE   Part A – Inmate Grievance

1) "Since the first quarter of 2005 I've been repeatedly confined at Union C.I., most recently since 4/9/2007. During my confinements here I've been subjected to the recurrent deprivation of reasonable safety from cruel & unusual punishment and dangerous living conditions.

2) At least 26 prison guards at Union C.I. have partook in physically assaulting me. At least 19 of these guards still work at Union C.I. At least 7 of them have committed repeated violence against me.

3) Correctional Officer Lieutenants Swain, Allen, Newell, Oliver, and Curtis; Correctional Officer Sergeants Strong, Wheeler, Napier, Smith, (continued on pages 1-3)

23, August 2010        Tyson N. Watson #C-195947
      DATE             SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: Ø
                                                                    #        Signature

---

PART B – RESPONSE

SEE ATTACHED
RESPONSE

SIGNATURE AND TYPED OR PRINTED NAME          SIGNATURE OF WARDEN, ASST. WARDEN, OR          DATE
OF EMPLOYEE RESPONDING                        SECRETARY'S REPRESENTATIVE

ORIGINAL  TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.
......................................TEAR  ON  PERFORATION...........................................

PART C - RECEIPT  (TO BE COMPLETED BY DC STAFF)

RETURN TO _____
          LAST       FIRST       MIDDLE INITIAL              NUMBER              INSTITUTION

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

_____

DATE                   1608-313-286                    RECIPIENT'S SIGNATURE (STAFF MEMBER)
                       GRIEVANCE LOG NUMBER

DISTRIBUTION:              INSTITUTION/FACILITY:          DISTRIBUTION:              CENTRAL OFFICE:              1608
WHITE COPY                 INMATE COPY                    WHITE COPY                 INMATE COPY                 6/24/10
CANARY COPY                INMATE'S FILE                  CANARY COPY                INMATE'S FILE - INST/FACILITY   TI-1100
PINK COPY                  INMATE COPY                    PINK COPY                  C.O. INMATE FILE
GOLDENROD COPY             RETAINED BY OFFICIAL RESPONDING  GOLDENROD COPY           RETAINED BY OFFICIAL RESPONDING

DC1-303 (Revised 8-00)

( CONTINUATION   PAGE # 1 )

TO: Warden

From: Watson, Tyson N.   D.C.# C-195947   Union Corr. Inst.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

Part A - Inmate Grievance

Harper, Green, T. Robinson, M. Robinson, and Kent; and Correctional Officers Slone, Wheeler, Braden, Bell, Hodges, Walker, Hawkins, Yarborough, McIntyre, Gaines, Walden, and Johnson have all used to, or still do work at Union C.I. and have each physically assaulted me.

4) On many occasions over the years I've utilized the inmate grievance process to complain and notify prison and dept. administrators of these dangerous living conditions and my need to be relocated to a different prison where I wouldn't suffer from the dangerous living conditions which I continue to suffer from at Union C.I.

5) An extensive record has long been available to the Warden and Inspector at Union C.I. and the Inspector General of the F.D.O.C. that would lead any reasonable-minded person to the inference and conclusion that I am at an unreasonable risk of danger at Union C.I.

6) However, the Warden and Inspector at Union C.I. and the Inspector General remain adamant in their deliberate indifference to my basic human need of reasonable safety from the dangerous living conditions at Union C.I.

7) As a result of their deliberate indifference I was again assaulted by prison guards at Union C.I. on August 16, 2010. This time, as times prior, because of my previous good faith efforts in the inmate grievance process and my current good faith efforts in the court litigation process against misconduct by staff at Union C.I.

8) At approximately 1400-1500 hours I was housed in cell # T1-110, on Quad #1 in T-dorm where prison guards approached me earlier about my litigous efforts which were previously against C.O. Lt. M. Curtis, C.O. Sgt. Kent, and C.O. Clinton Hodges; and C.O. Lt. S.E. Swain.

9) Then I was removed from my cell in shackles, handcuffed behind my back with a waist chain and a black box. The guards told me I had to be temporarily removed from my cell so the locking mechanism on my celldoor could be checked: a security procedure that I found very suspicious after being confronted about my litigation by the guards.

(CONTINUATION   PAGE # 2)

TO: Warden

From: Watson, Tyson N.     D.C.# C-195947     Union Corr. Inst.

- - - - - - - - - - - - - -

Part A - Inmate Grievance

**10)** Reluctantly though, I submitted to full security restraints, was escorted to the dayroom, and minutes later was escorted back to my cell where I encountered C.O. Lt. M. Curtis, C.O. Sgt. Kent, and C.O. Clinton Hodges. I hesitated just outside my celldoor in fear that an ambush was imminent.

**11)** But Lt. Curtis put me inside my cell, followed by Sgt. Kent and Ofc. Hodges. These three then viciously and brutally attacked me, assaulting me with chokes, punches and kicks, stomps, and molesting me with the sadistic and malicious intent to cause me pain and injure me while I remained non-combative and in full restraints, defenseless.

**12)** The trio repeatedly taunted me with racially-derogatory expletives, threatening to kill me if I continue accessing the court system against prison staff and promising to house me in S dorm where they're posted and would torture me after my discharge from the Crisis Stabilization Unit in T dorm, if I seek medical attention to my injuries or otherwise report the incident which they sought to leave unreported.

**13)** This brutal assault continued for a very long, agonizing ten painful minutes approximately, resulting in my loss of consciousness, involuntary urination and defecation on myself, and sustainment of several physical injuries, including severe pain, a ruptured and bloodied rectum, a bloody nose, two swollen, bruised eyes, and several bruises on my body.

**14)** Immediately after the assault, I asked Lt. Curtis, Sgt. Kent, and Ofc. Hodges to let medical staff treat my painful and bloody injuries, to which they responded in the negative.

**15)** They then removed all the state-issued and personal property from my cell, tore my remaining clothes from my body and left me in my cell without a mattress, linen, clothes, or my prescription eyeglasses.

**16)** After repeated requests, I did manage to receive a hot shower and clean undershorts later that evening, after which Nurse V. C. Royan assessed and documented the physical injuries which were still evident even after a long shower. Some of the injuries weren't so evident after the shower washed the blood away; Nurse Royan missed them

(CONTINUATION PAGE # 3)

To: Warden

From: Watson, Tyson N.    D.C.# C-195947    Union Corr. Inst.

– – – – – – – – – – – – – – –

Part A - Inmate Grievance

**17)** By 1300 hours approximately, on August 17, 2010, my nose and rectum was bleeding again and Nurse Griffis assessed and documented my physical injuries again. Also, at approximately 1400-1500 hours on August 17, 2010 Doctor J. Aviles and Nurses Harris and Dix assessed and documented my injuries at the prison's Urgent Care Annex (U.C.A.), treating my severe pain with an injection of pain medication, prescribing me 600 mgs. of Ibuprofin four times a day and prescribing me two medications for my injured rectum twice a day.

**18)** However, this incident could've been prevented if the Warden and Inspector at Union C.I. and the Inspector General over F.D.O.C. would have relocated me to a safer prison beforehand. Now, even after this assault, I remain at risk of imminent bodily harm at Union C.I. because I sought medical attention and reported the incident of staff abuse; which are the bases of this grievance.

**19)** I'm requesting a Full investigation be initiated into the assault and the failure to protect me; preservation for the 4 year statute of limitation of the Fixed video camera footages from Quad #1 and dayroom in T dorm at appx. 1400-1500 hours on August 16, 2010 for my use as evidence in court civil rights litigation; a polygraph "Lie Detector" test on me to substantiate each and all of the allegations which I've stated above, which justifies my request to be promptly relocated from these dangerous living conditions at Union C.I...

**20)** All of which I've described herein and do hereby declare, under the penalty of perjury, are true, correct, based upon my personal Knowledge, and of which I have voluntarily attested to and am competent to testify to. ANYTHING FURTHER, AFFIANT SAYETH NAUGHT."

23, August 2010
_____
DATE

Tyson N. Watson ☆ # C-195947
SIGNATURE OF TYSON N. WATSON

**PART B - RESPONSE**



| WATSON, TYSON | 195947 | 1008-213-286 | UNION C.I. | S1111S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated. The issue of your complaint has been referred to Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling.

As action has been initiated, you may consider your request for administrative remedy approved from that standpoint.
A. Johnson                                    B.V. Reddish

---

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

9-7-10
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

**MAILED**

SEP 08 2010

UCI GRIEVANCE OFFICE